[Decided November 22, 1897.]

## CONSER *v.* COLEMAN.

(50 Pac. 914.)

RATIFICATION—AGENT.—Before a principal can be said to have ratified the unauthorized act of an agent, it must appear that the principal knew what the agent had done.

From Lane: J. C. FULLERTON, Judge.

Suit by Elizabeth Conser against E. P. Coleman, administrator of R. B. Cochran, deceased, America Cochran, Anna Murch, W. W. Cochran, C. R. Cochran, J. B. Cochran, E. B. Barger, Henry Kruse, and S. H. Holt. From a decree for plaintiff, defendant C. R. Cochran appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Lawrence Bilyeu.*

For respondent there was a brief and an oral argument by *Mr. George B. Dorris.*

PER CURIAM. This is a suit to foreclose a mortgage executed by R. B. Cochran to the plaintiff. The defendant Charles R. Cochran, answering the complaint, which is in the usual form, alleges that the mortgage covered, with other property, a life interest of his father in a tract of land of which he was the owner in fee of an undivided one fourth; that after the execution of the mortgage it was agreed by and between the mortgagor and mortgagee and himself that if he, the said Charles, and his wife, would deed

their interest in a certain eighty-acre tract thereof to
one J. E. Roach, and permit the purchase price to be
applied on the mortgage, the mortgagor would deed
to him, in lieu thereof, and the plaintiff would release
from the lien of such mortgage, a certain other tract;
that in pursuance of this agreement, and in reliance
thereon, he and his wife signed and executed the deed
to Roach, and the proceeds thereof were received by
the plaintiff, and applied on the mortgage; and that
he immediately thereafter went into possession of the
tract of land agreed to be conveyed to him by the
mortgagor, and has ever since occupied the same.
The reply denying the allegations of the answer, evi-
dence was taken, a trial had, resulting in a decree in
favor of the plaintiff, and said defendant Charles R.
Cochran appeals.

The question in the case is one of fact, and while
it is clearly shown from the evidence that the appel-
lant and his father, the mortgagor, entered into the
agreement and contract set out in the answer, and
that, relying thereon, the appellant and his wife exe-
cuted the deed to Roach, it is equally as clear that
such contract was made without the authority or con-
sent of plaintiff.   Indeed, it was not seriously claimed
at the argument that she was a party to the agree-
ment; but the contention is that, having received the
proceeds of the land sold to Roach, and applied them
on her mortgage, she thereby ratified the contract un-
der which such proceeds were acquired.   But it is ele-
mentary law that, before one can be held to have rati-
fied the unauthorized acts or contracts of another, he
must have knowledge thereof; and there is no pre-

tense that plaintiff knew at the time she received the money of any agreement between the defendant and his father concerning the release of her mortgage. Nor is there any room in the case for the doctrine of subrogation.    The decree is affirmed.

AFFIRMED.

[Decided November 22, 1897; rehearing denied.]